UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 22-05097-AB (SHKx) | Date: | November 30, 2022 |

| Title: | *Seoul Semiconductor Co., Ltd. et al v. Feit Electric Co., Inc.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS OF WILLFUL INFRINGEMENT**

Before the Court is Defendant Feit Electric Co.'s ("Defendant" or "Feit") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 23.) Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. ("Plaintiffs" or "Seoul") filed an opposition ("Opp'n," Dkt. No. 30), and Defendant filed a reply. ("Reply," Dkt. No. 31.) Finding these matters suitable for resolution without oral argument, the Court **VACATES** the hearing set for December 2, 2022. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

To decide this Motion, the Court accepts as true the following allegations from Plaintiffs' Complaint.

Plaintiffs own United States Patent Nos. 9,716,210 ("the '210 Patent"), 7,667,225 ("the '225 Patent"), 9,799,800 ("the '800 Patent"), 9,929,314 ("the '314

Patent"), 9,577,157 ("the '157 Patent"), 10,217,912 ("the '912 Patent"), 10,916,684 ("the '684 Patent"), 7,906,789 ("the '789 Patent"), 10,134,967 ("the '967 Patent"), 10,510,933 ("the '933 Patent"), 9,627,435 ("the '435 Patent"), and 8,716,946 ("the '946 Patent"). ("Compl.," Dkt. No. 1 ¶¶ 10–21.)

Plaintiffs allege willful infringement based on pre-litigation correspondence.[1] (*Id*. at ¶¶ 22–54). Specifically, in September of 2017, Plaintiffs' counsel sent a letter notifying Defendant that it was manufacturing LED products that Plaintiffs believed infringed their patents. (*Id*. at ¶ 22.) Plaintiffs allege the letter "included an example of an infringing product and patents" but does not identify that patent(s) or the product(s) at issue. (*Id*.) The letter followed oral discussions regarding Plaintiffs' infringement concerns. (*Id*.)

Between December of 2017 and February of 2021, Plaintiffs sent several notice letters regarding infringement of products sold by Costco Wholesale Corporation ("Costco"). (*Id*. at ¶¶ 23–47.) Defendant's counsel responded to only some of these letters. (*Id*.) In at least one instance, Defendant responded that it believed it did not infringe because the accused products used Plaintiffs' products. (*Id*. at ¶ 32.) Plaintiffs allege Defendant's response was insincere because Plaintiffs stopped selling to Defendant two years prior to the accused activity. (*Id*.) Defendant also suggested Plaintiffs should resolve any concerns directly with Defendant's LED suppliers but did not identify the LED suppliers. (*Id*.)

Plaintiffs allege a July 13, 2018 letter to Costco included "images and claim charts showing examples of infringement." (*Id*. at ¶ 27.) The pleadings do not identify the patent(s) or product(s) to which these images and charts pertained. Plaintiffs specifically identified the '157, '912, and '210 Patents in some of these pre-litigation letters, and alleged that Defendant's LED bulbs, product nos. 1200267, 1319342, and 1279279, infringed these patents. (*Id*. at ¶¶ 30 and 33.) Plaintiffs describe a subsequent letter notifying Defendant of infringement of "additional products." (*Id*. at ¶ 39.) The pleadings do not identify these products.

Between November of 2017 and July of 2018, Plaintiffs also sent notice letters to Target Corporation ("Target"). (*Id.* ¶¶ 48–54.) Plaintiffs specifically identified the '946 Patent in a November 15, 2017 letter and notified Target that its Up & Up

---

[1] Plaintiffs do not incorporate or attach any of the pre-litigation letters to their complaint. Though Defendant attaches some of the letters to its Motion, the Court will not consider the letters at this time as the letters are not part of the pleadings.

products infringe the '946 Patent and other patents. (*Id.* at ¶ 49.) Target identified Defendant as the manufacturer of the accused products. (*Id.* ¶¶ 48–54.) On July 13, 2018, Plaintiffs sent Target a claim chart showing infringement of the Up & Up product. (*Id.* at ¶ 53.) Defendant's counsel responded to Plaintiffs, acknowledging receipt of a June 5, 2018 letter. (*Id.* at ¶ 54.) Plaintiff alleges Defendant's counsel indicated Defendant "did not have enough information to analyze the infringement but refused to facilitate any meeting with Target and [Plaintiffs]." (*Id.*)

In this action, Plaintiffs accuse Defendant's T48/840/LED/2 LED, LEDR4/RGBW/AG LED, G3060/RGBW/FIL/AG LED, A800830/10KLED/2/ CAN LED, BP7C7/850/LED/4 LED, and BPG1640/927CA/FIL/2 (C) LED bulbs. (*Id.* ¶¶ 55–60).

Defendant now moves to dismiss, arguing that Plaintiff failed to provide factual support for its claim of willful infringement.

## II.     LEGAL STANDARDS

### a.  Rule 12(b)(6)

Rule 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face." *Id.* That is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id.*

A complaint may be dismissed under Rule 12(b)(6) for lacking a cognizable legal theory or sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

Courts generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). A court may consider such materials, however, if (1) the authenticity of the materials is not disputed[2] and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). Courts may also take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689–90.

### b. Willful Infringement

To plead a claim for willful infringement, a plaintiff must allege that the accused infringer "actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).

## III.    DISCUSSION

Defendant argues that Plaintiffs' willful infringement allegations should be dismissed because Plaintiffs' reliance on the pre-litigation letters is insufficient. (Motion at 5.) Specifically, the letters do not demonstrate willfulness because they fail to identify knowledge of a specific patent and a corresponding act of infringement. (*Id*.)

As to the '225, '314, '684, '789, '967, '933, and '435 Patents, Defendant argues the Court should dismiss Plaintiffs' claims for willful infringement because the pre-litigation letters do not mention these patents at all. (*Id*. at 6.)

---

[2] Here, neither party addresses the authenticity of the pre-litigation letters. Because the authenticity is not clearly undisputed, the Court does not consider those letters at this time.

As to the '800 and '946 Patents, Defendant acknowledges the pre-litigation letters referenced these patents. (*Id*. at 7.) However, Defendant argues the Court should dismiss Plaintiff's claims for willful infringement because the letters did not include a corresponding claim of infringement as to any product. (*Id*.)

As to the '210, '912, and '157 Patents, Defendant again acknowledges that the pre-litigation letters referenced these patents. (*Id*. at 7.) However, Defendant argues the Court should dismiss Plaintiff's claims for willful infringement because the infringement allegations in the relevant letters relate to products not asserted in Plaintiffs' complaint. (*Id*.) In fact, some of the products are not Defendant's products at all. (*Id*.) Defendant argues the letters did not sufficiently notify Defendant of infringement of the products accused in this matter. (*Id*.) The letters also do not explain which product(s) correspond to which patent(s). (*Id*.)

Plaintiffs argue that Defendant misstates the legal standard for willful infringement. (Opp'n at 6.) Plaintiffs then argue the pleadings refer to the pre-litigation letters which provided notice of the asserted patents and accused bulbs, despite not identifying specific bulbs. (*Id.* at 10.) Claim charts accompanied the pre-litigation letters. (*Id*. at 11.) Plaintiffs further argue they alleged Defendant refused to respond to some of the pre-litigation letters and refused to engage in good faith discussions regarding the infringement accusations. (*Id.* at 9.) These allegations demonstrate Defendant's egregious conduct. (*Id*.) Plaintiffs also argue Defendant knew about the asserted patents due Western District of Texas and Eastern District of Virginia actions ("Other Actions") involving Defendant's counsel but different parties. (*Id*. at 11.) Plaintiffs did not reference the Other Actions in the pleadings. Finally, Plaintiffs argue they will suffer prejudice if the Court dismisses their willful infringement claims. (*Id*. at 13.)

In its reply, Defendant reiterates its argument that Plaintiff did not plead notice of the '225, '314, '684, '789, '967, '933, and '435 Patents. (Reply at 3–4.) Defendant also argues the Other Actions do not establish pre-suit notice because Plaintiffs did not reference them in the pleadings and because notice cannot be imputed through counsel. (*Id*. at 4.) Defendant also reiterates its argument that Plaintiffs did not allege pre-suit knowledge that the accused products infringe the '800, '946, '210, '912, and '157 Patents (*Id.* at 5.) Finally, Defendant argues there is no prejudice because Plaintiffs may amend the pleadings if they develop sufficient evidence supporting their willful infringement claims. (*Id*. at 6.)

As to the '225, '314, '684, '789, '967, '933, '435, and '800 Patents, the Court agrees with Defendant that the Plaintiffs' allegations are insufficient to support a claim of willful infringement. "[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge." *Gustafson, Inc. v. Intersystems Indus. Prod., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990).

Here, Plaintiffs plead no facts indicating pre-suit knowledge of the '225, '314, '684, '789, '967, '933, '435, and '800 Patents, let alone knowledge of any conduct infringing these patents. Accordingly, Plaintiffs' allegations with respect to the '225, '314, '684, '789, '967, '933,'435, and '800 Patents are not sufficient to support a claim for willful infringement. Plaintiffs' arguments regarding the Other Actions are not persuasive at least because Plaintiffs did not plead notice based on these actions.

As to the '210, '912, and '157 Patents, Plaintiffs' allegations, taken as true, plausibly demonstrate pre-suit knowledge. (*See* Compl. at ¶¶ 30 and 33.) These allegations do not, however address whether Defendant knew or should have known that its alleged conduct amounted to infringement of the patents. "[A]llegations of knowledge alone are not sufficient to state a claim for willful infringement." *Document Sec. Sys., Inc v. Nichia Corp.*, No. CV1908172JVSJEMX, 2020 WL 3881623, at *3 (C.D. Cal. Mar. 4, 2020). Rather, to adequately plead willful infringement, plaintiffs must also allege facts showing an "egregious case[ ] of misconduct beyond typical infringement." *Id*. In short, Plaintiffs must allege facts to support the conclusion that Defendant knew of the '210, '912, and '157 Patents *and* knew or should have known of its infringement of them.

Here, Plaintiffs generally allege that they sent claim charts to Defendant, but they do not identify which patents or products the charts covered. (*See* Compl. at ¶ 27.) Plaintiffs also alleged that they notified Defendant that its nos. 1200267, 1319342, and 1279279 products infringed the '210, '912, and '157 Patents. (*Id*. at ¶¶ 30 and 33.) However, Plaintiffs plead no facts suggesting these products are similar or related to the products at issue here, sufficient to put Defendant on notice of its infringing activity. Plaintiffs also allege generally that Defendant refused to respond to some of Plaintiffs' pre-litigation letters and refused to engage in good faith discussions regarding Plaintiffs' infringement concerns. (*See* Compl. at ¶ 32.) However, Plaintiffs do not plead any facts tying this conduct to the '210, '912, and '157 Patents.

As to the '946 Patent, Plaintiffs' allegations, taken as true, plausibly demonstrate pre-suit knowledge. (*See id*. at ¶¶ 49 and 54.) However, again, these allegations do not address whether Defendant knew or should have known that its

alleged conduct amounted to infringement of the '946 Patent. Plaintiffs allege they sent Target a claim chart showing infringement of the Up & Up product. (*See* Compl. at ¶ 53.) However, Plaintiffs plead no facts regarding which of Defendant's products are used in the Up & Up product. Plaintiffs also plead no facts, again, regarding whether any bulbs used in the Up & Up product are similar or related to the products at issue here, sufficient to put Defendant on notice of its infringing activity.

Based on the allegations in the Complaint, the court **GRANTS** Defendants' Motion as to willful infringement without prejudice. The Court grants Plaintiffs leave to amend within twenty-one days. Alternatively, if Plaintiffs do not believe they have a sufficient factual basis on which to allege willful infringement now, but learn more facts during discovery that could support willfulness, Plaintiffs may file an appropriate request to amend at that time. *See, e.g.*, Fed. R. Civ. P. 15, 16.

Given the opportunities to amend, described above, Plaintiffs' arguments regarding prejudice are not persuasive.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **<u>GRANTED</u>** without prejudice with respect to willful infringement. The Court grants Plaintiff leave to amend its willful infringement allegations within twenty-one days.

The Court also **<u>STRIKES</u>** Plaintiff's November 29, 2022 Notice of Errata (Dkt. No. 43) purporting to correct typos in how the Complaint identified certain accused products. A Complaint should be complete in itself. If Plaintiff chooses to amend its Complaint as provided herein, it should correct the typos in its Amended Complaint. If Plaintiff chooses not to amend, it should correct the typos by filing a Corrected Complaint within twenty-one days.

**IT IS SO ORDERED**.