David C. Radulescu, Ph.D. (*pro hac vice*)
david@radip.com
Etai Lahav (*pro hac vice*)
etai@radip.com
Jonathan Auerbach (*pro hac vice*)
jonathan@radip.com
Bryon Wasserman (Bar No. 215681)
bryon@radip.com
RADULESCU LLP
5 Penn. Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

Kevin S. Kudlac (*pro hac vice*)
kevin@radip.com
RADULESCU LLP
501 Congress Avenue, Ste. 150
Austin, TX 78701
Telephone: (512) 656-5743

Guy Ruttenberg (Bar No. 207937)
guy@ruttenbergiplaw.com
Ruttenberg IP Law
1801 Century Park East, Ste. 1920
Los Angeles, CA 90067
Telephone: 310-627-2270
Fax: 310-627-2260

*Additional counsel at undersigned.*

***Attorneys for Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd.***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Seoul Semiconductor Co., Ltd. a Korean corporation *et al.*

Plaintiffs,

v.

FEIT Electric Co., Inc.

Defendant.

Case No. 2:22-cv-05097-AB-SHK

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OPPOSED *EX PARTE* APPLICATION TO COMPEL IMMEDIATE COMPLIANCE WITH THE COURT'S NOVEMBER 14, 2023 ORDER (ECF 137)**

*Complaint Filed: July 7, 2022*
*FAC Filed: December 21, 2022*

Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd., (collectively "SSC" or "Plaintiffs") hereby submit their opposition to Defendant Feit Electric Co., Inc.'s ("Feit" or "Defendant") *Ex Parte* Application To Compel Immediate Compliance With The Court's November 14, 2023 Order (ECF 137) and show the Court as follow.

Feit's **second** *Ex Parte* application in this case (ECF 137) seeks to compel SSC to do what it has already done and to excuse Feit from providing critical discovery that would enable SSC to make a final decision on reducing the number of accused products in this case in an informed and deliberative manner.

Plaintiffs brought this action on July 22, 2022, alleging that Feit infringes 12 patents owned by Plaintiffs that are directed to various aspects of light emitting diodes (LEDs) and the devices (e.g., light bulbs) including them.[1] In accordance with the Scheduling Order (ECF. 63), on April 20, 2023, SSC served its Preliminary Infringement Contentions ("PICs"). (ECF. 80-2) Those claim charts provided SSC's preliminary infringement contentions for the 12 asserted patents against, in total, more than 150 Feit products. Feit subsequently filed a Motion to Strike certain aspects of the PICs (ECF 80). In its Order concerning Feit's Motion to Strike SSC's PICs, the Court held that within 21 days of the Order, SSC "shall file amended infringement contentions, consistent with the guidance in this Order" and that "Plaintiffs shall serve any and all additional claim charts within 21 days of this Order" and "shall promptly supplement their contentions to the extent supplementation is necessary and appropriate." (Dkt. 90 at 3) SSC supplemented its PICs on August 8, 2023, the date

---

[1] U.S. Patent Nos. 9,716,210 ("the '210 patent"), 7,667,225 ("the '225 patent"), 9,799,800 ("the '800 patent"), 9,929,314 ("the '314 patent"), 9,577,157 ("the '157 patent"), 10,217,912 ("the '912 patent"), 10,916,684 ("the '684 patent"), 7,906,789 ("the '789 patent"), 10,134,967 ("the '967 patent"), 10,510,933 ("the '933 patent"), 9,627,435 ("the '435 patent"), and 8,716,946 ("the '946 patent") (collectively the "patents-in-suit").

required by the Court, by serving its Supplemental Infringement Contentions ("SICs"). (ECF 92-1 at 1.)

In its infringement contentions, SSC originally asserted 87 claims across the 12 Asserted Patents. Pursuant to the Court's Order Deferring Defendant's *Ex Parte* Application for Leave to Exceed the Page Limit for Opening Claim Construction Briefs and Directing the Parties to Narrow the Scope of Litigation (ECF 124, "Narrowing Order"), on November 21, 2023, SSC provided Defendant with its Identification of Reduced Asserted Claims reducing the asserted claims to 40. Ex. 1.[2]

The Court's Narrowing Order also required that "[w]ithin three weeks of this Order, Plaintiffs shall serve a **proposal** limiting the number of accused instrumentalities commensurate with the scope of asserted claims." (ECF 124 at 3, emphasis added). The Court issued its Narrowing Order on November 14, 2023 and on December 1, 2023 – within the three weeks set forth in the Narrowing Order – Plaintiffs submitted to Feit a **proposal** to limit the number of accused instrumentalities. That proposal was as follows:

> With respect to reduction of accused products, we propose that within two weeks of Feit completing production of sales information (through the most recent quarter for which sales information is available – presumably the third calendar quarter of 2023) for the Accused Products (which are identified as those products for which an infringement contention claim chart was provided (either in SSC's original contentions or their Supplemental contentions), SSC will reduce the number of Accused Products by approximately 100 to approximately 215 accused products without prejudice to SSC's right to assert infringement, including with respect to the patents-in-suit, against those products in a separate action. (ECF 137-2)

[2] References to Exs. 1-3 are to Exhibits attached to the concurrently filed Declaration of Kevin Kudlac in Support of Plaintiffs' Opposition to Defendant's *Ex Parte* Application to Compel Immediate Compliance With the Court's November 14, 2023 Order.

SSC made its proposal in this manner – contingent upon full production of sales information from Feit – so that it can reduce the scope of the case in an orderly, deliberate, and informed manner. Without first receiving full sales information for the Accused Products, SSC will be operating largely in the dark as to the scope and scale of infringement by any one Accused Product. SSC won't know which products are the biggest sellers or which products generate the most revenue. SSC won't know which products have been on sale for the longest time or which are continuing to be sold at the present time (or at least as of the most recent sales information Feit would provide). This puts SSC at the extreme risk of deciding to remove products from this case that it later discovers are Feit's most successful, popular, and profit-producing products. That would reward Feit for failing to abide by its discovery obligations and would work to SSC's severe prejudice.

Feit calls SSC's proposal "vague and non-committal[.]" (ECF 137 at 2.) It is not. Moreover, any purportedly missing details are completely within Feit's control. SSC included the contingency relating to timing because Feit has been less than fully forthcoming with respect to discovery on the very basis for SSC's contingency, sales of the Accused Products. Even worse, Feit has failed to meet and confer on the issue, and has even questioned the **relevance** of sales of the Accused Products.

Despite having been served with document requests in December 2022, Feit made its first document production by shipping a USB drive to SSC's counsel on July 7, 2023 (which was received on July 10, 2023). That production contained more than 3 million pages/native files. (ECF 102 at 1, n. 3.) Because of the incomplete nature of Feit's production – despite producing millions of pages – on November 16, 2023, SSC's counsel requested to meet and confer concerning Feit's failure to produce sales information for 2022 and 2023 (and only sporadic information) for 2016-2021. (Ex. 2, email from Kevin Kudlac to Theresa Starck, et al.) In response, Feit's counsel asked for "more clarity" and "legal support or precedent[.]" (Ex. 2, November 16, 2023 email from Theresa Starck to Kevin Kudlac, et al.) SSC's counsel responded

approximately 90 minutes later citing, not surprisingly, *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116 (S.D.N.Y.1970) and directing Feit to factors 6 ("[t]he established profitability of the product made under the patent"), 11 ("[t]he extent to which the infringer has made use of the invention; and any evidence probative of the value of that use"), and 13 (profit attributable to the invention) for the proposition that defendant's sales of accused products (and the profitability thereof) are discoverable.

No time to meet and confer regarding SSC's request was ever scheduled. So SSC reached out again on December 5, 2023, this time with a more comprehensive request on Feit's discovery deficiencies, but also including the sales information previously requested. (Ex. 3, email from Kevin Kudlac to Greg Proctor, Theresa Starck, et al.; *see e.g.*, reference to RFPs. 23, 67, 76, 122, and 124). As of the writing of this opposition, SSC has still received no response and no meet and confer has been scheduled.

Given the foregoing, it is clear that Feit has stone-walled SSC in discovery and, nevertheless, demands immediate identification of accused products to be removed from this case with potentially great risk to SSC. SSC has committed to prompt identification of products once Feit abides by its discovery obligations and provides the requested – and clearly relevant – sales information. There is no reason for Feit to continue to withhold this information and, thereby, prevent SSC from making an informed decision on which products to remove from this case.

Dated: December 8, 2023

By: */s/ Kevin S. Kudlac*

David C. Radulescu, Ph.D. (*pro hac vice*)
david@radip.com
Etai Lahav (*pro hac vice*)
etai@radip.com
Jonathan Auerbach (*pro hac vice*)
jonathan@radip.com
Bryon Wasserman (Bar No. 215681)
bryon@radip.com

**RADULESCU LLP**
5 Penn. Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

Kevin S. Kudlac (*pro hac vice*)
kevin@radip.com
**RADULESCU LLP**
501 Congress Avenue, Ste. 150
Austin, TX 78701
Telephone: (512) 656-5743

Guy Ruttenberg (Bar No. 207937)
guy@ruttenbergiplaw.com
**Ruttenberg IP Law**
1801 Century Park East, Ste. 1920
Los Angeles, CA 90067
Telephone: 310-627-2270
Fax: 310-627-2260

Jennifer L. Jonak
jenny@jonak.com
Jonak Law Group, P.C.
1430 Willamette St., #145
Eugene, OR 97401
Telephone: (541) 525-9102

***Attorneys for Plaintiffs***
***Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd.***

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via the ECF filing System, to all counsel of record on this 8th day of December 2023.

*/s/ Kevin S. Kudlac*
Kevin S. Kudlac