UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **2:22-cv-05097-AB-SHK** | Date: | May 23, 2024 |
| --- | --- | --- | --- |
| Title: | ***Seoul Semiconductor Co., Ltd., et al. v. FEIT Electric Co., Inc.*** | | |

| Present: The Honorable | Shashi H. Kewalramani, United States Magistrate Judge |
| --- | --- |

| D. Castellanos | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| --- | --- |
| None Present | None Present |

**Proceedings (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES 5-14 [ECF No. 177]**

On March 19, 2024, FEIT Electric Co., Inc. ("Feit" or "Defendant") filed its Notice of Motion and Motion to Compel Plaintiffs' Responses to Defendant's 2nd Set of Interrogatories (Nos. 5-14) ("Motion to Compel" or "MTC"). Electronic Case Filing Number ("ECF No.") 177, MTC. On April 2, 2024, Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co. ("SSC" or "Plaintiffs") filed their Response to Defendant's Motion to Compel Plaintiffs' Responses to Defendant's 2nd Set of Interrogatories (Nos. 5-14) ("Response" or "Opp'n"), ECF No. 183, and on April 9, 2024 Defendant filed its Reply in Further Support of its Motion to Compel ("Reply"), ECF No. 190.

After reviewing the parties' arguments, for the reasons set forth in this Order, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Compel.

## I. BACKGROUND

### A. Procedural History

The procedural history in this matter through November 9, 2023 was set out previously in the Court's Order Denying Plaintiffs' Motion to Compel Defendant's Responses to Interrogatories 1-4, 7, 9, 11, and 14 (the "Order"). ECF No. 118, Order at 1-3. For the sake of having the relevant information in a single order, the Court notes that the operative complaint is the First Amended Complaint ("FAC"), in which Plaintiffs allege that Defendant made, used, or

sold LED lights that infringe twelve patents (the "patents-in-suit" or the "Asserted Patents") including U.S. Patent Nos. 9,716,210 (the "'210 Patent"), 9,577,157 (the "'157 Patent"), and 10,217,912 (the "'912 Patent"). ECF No. 49, FAC. On February 8, 2023, the Court entered an Order Denying in Part and Granting in Part Defendant's Notice of Motion and Motion to Dismiss Willful Infringement Claims, in which it allowed Plaintiffs' willfulness claims with respect to the '210, '912, and '157 Patents to go forward. ECF No. 65 at 3, 4.

Since then, of relevance to the current MTC, the Magistrate Judge held an informal discovery conference with counsel to review and discuss the outstanding discovery propounded by the parties and provided an e-mail, which included guidance and the outlines of what was discussed and agreed to during the discovery conference. ECF Nos. 177-8, E-Mail from Mag. J. Kewalramani ("Mag. J. E-Mail"); 177-9, Memorandum attached to E-Mail ("Mag. J. E-Mail Memo").

**B. The Disputed Discovery**

At issue are Defendant's Second Set of Interrogatories 5-14 (the "Interrogatories"). The Interrogatories, and Defendant's responses/objections to them, are as follows.

**INTERROGATORY NO. 5:**

For each asserted claim, identify with specificity the priority date alleged in this case, including but not limited to the basis for priority date.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate their General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Seoul objects to this Interrogatory as it contains a multitude of discrete subparts, which count against the 25 per party limit as stated in Federal Rule of Civil Procedure [("Rule")] 33(a)(1). Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *SPH Am., LLC v. Research in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (holding that plaintiff's interrogatory had multiple subparts, which sought the factual basis supporting each validity contention, the identity of the individuals who had knowledge of those facts, and the identity of the documents that supported the validity contentions); *Super. Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (finding interrogatory had multiple subparts that requested facts; persons; and documents relating to defendant's answer to complaint). Specifically, this Interrogatory seeks identification of the priority date and basis for such priority date for more than 25

asserted claims. This Interrogatory seeks two categories of distinct information – priority date and basis for priority date – for each asserted claim, of which there are more than 25. Thus, this Interrogatory alone accounts for more than 25 interrogatories.

**INTERROGATORY NO. 6:**

Describe all identifying marks, including for example, serial numbers, identification numbers, lot numbers, printed monikers, text, physical identifiers, colors, shapes or the like, by which a retailer, distributor, or supplier of LED-based products could determine without destructive testing whether an LED chip or LED package in the product embodies a claim of an asserted patent.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate its General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory on the grounds that it is overbroad, compound, unduly burdensome, vague and ambiguous, fails to define "LED chip" and ["]LED package," irrelevant, calls for speculation, and seeks information outside of Seoul's possession, custody and control, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case or relevant to the claims and defenses at issue. Plaintiffs further object to the extent that this request seeks information that contains attorney work product and information protected by the attorney-client privilege. Plaintiffs further object to this interrogatory to the extent it seeks information that is more properly the topic of expert discovery. Plaintiffs further object to this interrogatory to the extent it seeks information that is public or as readily available to defendant as it is to plaintiffs, or is already in Defendants possession, custody, or control.

Seoul objects to this Interrogatory as it contains a multitude of discrete subparts, which count against the 25 per party limit as stated in Federal Rule of Civil Procedure 33(a)(1). Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *SPH Am., LLC v. Research in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (holding that plaintiff's interrogatory had multiple subparts, which sought the factual basis supporting each validity contention, the identity of the individuals who had knowledge of those facts, and the identity of the documents that supported the validity contentions); *Super. Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (finding interrogatory had multiple subparts that requested facts; persons; and documents relating to defendant's answer to complaint). Specifically, this Interrogatory seeks identification of information by which certain entities could "determine without destructive testing whether an LED chip or LED package in the product embodies

a claim of an asserted patent" which seeks information for more than 25 asserted claims. Thus, this Interrogatory alone accounts for more than 25 interrogatories. Moreover, Defendant's Interrogatory No. 5 similarly accounts for more than 25 interrogatories.

**INTERROGATORY NO. 7:**

Describe all steps You have taken to determine whether the Accused Products contain LED chips or LED packages manufactured, licensed, or otherwise authorized by SSC.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate its General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory as duplicative of Interrogatory No. 3. Plaintiffs incorporate their specific objections to Interrogatory No. 3 as if set forth fully herein. Plaintiffs further object to this interrogatory as vague and ambiguous and as not defining "LED chips" and "LED packages."

Seoul objects to this Interrogatory as it contains a multitude of discrete subparts, which count against the 25 per party limit as stated in Federal Rule of Civil Procedure 33(a)(1). Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *SPH Am., LLC v. Research in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (holding that plaintiff's interrogatory had multiple subparts, which sought the factual basis supporting each validity contention, the identity of the individuals who had knowledge of those facts, and the identity of the documents that supported the validity contentions); *Super. Commc'ns v. Earhugger, Inc*., 257 F.R.D. 215, 218 (C.D. Cal. 2009) (finding interrogatory had multiple subparts that requested facts; persons; and documents relating to defendant's answer to complaint). Specifically, this Interrogatory seeks identification of "steps [Plaintiffs] have taken to determine whether the Accused Products contain LED chips or LED packages manufactured, licensed, or otherwise authorized by SSC" which seeks information for more than 25 Accused Products. Thus, this Interrogatory alone accounts for more than 25 interrogatories. Moreover, each of Defendant's Interrogatory Nos. 5-6 similarly accounts for more than 25 interrogatories.

**INTERROGATORY NO. 8**

To the extent You seek damages in this action, identify with specificity the damages sought including but not limited to the bases for any such damages, such as lost profits or a reasonable royalty, and any corresponding calculations

including but not limited to the royalty base and rate and any supporting evidence You intend to rely on to establish damages.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate its General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs further object to this interrogatory to the extent it seeks information that is more properly the topic of expert discovery.

Plaintiffs further object to this Interrogatory in that it exceeds the limit of 25 Interrogatories per party at least because each of Defendant's Interrogatory Nos. 5-7 accounts for more than 25 interrogatories.

Subject to, and without waiving any of the foregoing objections, Plaintiffs shall respond to this interrogatory at the appropriate time for expert discovery.

**INTERROGATORY NO. 9:**

To the extent You allege Feit Electric has willfully infringed any patent-in-suit, state with specificity Your basis for your allegation including, but not limited to, the date on which Feit Electric was alerted of the patent-in-suit, the products alleged to willfully infringe, basis on which Feit Electric could or should have recognized the potential infringement, the characteristics of the products that would or should have alerted Feit Electric of the potential infringement, and the steps You allege Feit Electric should have taken to recognize potential infringement.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate their General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Plaintiffs also object that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Feit has delayed and/or refused to produce documents and information responsive to Plaintiffs discovery requests related to willfulness.

Seoul objects to this Interrogatory as it contains a multitude of discrete subparts, which count against the 25 per party limit as stated in Federal Rule of Civil Procedure 33(a)(1). Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *SPH Am., LLC v.*

*Research in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (holding that plaintiff's interrogatory had multiple subparts, which sought the factual basis supporting each validity contention, the identity of the individuals who had knowledge of those facts, and the identity of the documents that supported the validity contentions); *Super. Commc'ns v. Earhugger, Inc*., 257 F.R.D. 215, 218 (C.D. Cal. 2009) (finding interrogatory had multiple subparts that requested facts; persons; and documents relating to defendant's answer to complaint). Specifically, this Interrogatory seeks identification of (1) the basis for Plaintiffs' allegation of willfulness "including, but not limited to, the date on which Feit Electric was alerted on the patent-in-suit," (2) "the products alleged to willfully infringement [sic]", (3) basis on which Feit electric could or should have recognized the potential infringement, (4) the characteristics of the products that would or should have alerted Feit Electric of the potential infringement, and (5) the steps You allege Feit Electric should have taken to recognize potential infringement." This seeks information for more than 25 Accused Products, more than 25 asserted claims, and 12 asserted patents. Thus, this Interrogatory alone accounts for more than 25 interrogatories. Moreover, each of Defendant's Interrogatory Nos. 5-7 similarly accounts for more than 25 interrogatories.

**<u>INTERROGATORY NO. 10:</u>**

To the extent You allege Feit Electric has in its possession, custody, or control technical information, drawings, specifications or the like that relate to possible infringement of the asserted claims of the patents-in-suit, state with specificity the basis of Your allegation including the reason You believe a distributor like Feit Electric would have such information, the types of information you allege Feit Electric possesses, the means by which You believe Feit Electric obtained this information, and how such information bears on infringement.

**<u>RESPONSE TO INTERROGATORY NO. 10:</u>**

Plaintiffs incorporate their General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Seoul objects to this Interrogatory as it contains a multitude of discrete subparts, which count against the 25 per party limit as stated in Federal Rule of Civil Procedure 33(a)(1). Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *SPH Am., LLC v. Research in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D.

Cal. Aug. 16, 2016) (holding that plaintiff's interrogatory had multiple subparts, which sought the factual basis supporting each validity contention, the identity of the individuals who had knowledge of those facts, and the identity of the documents that supported the validity contentions); *Super. Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (finding interrogatory had multiple subparts that requested facts; persons; and documents relating to defendant's answer to complaint). Specifically, with respect to certain documentary information regarding infringement of the asserted claims, this Interrogatory seeks identification of (1) "the reason [Plaintiffs] believe a distributor like Feit Electric would have such information," (2) the types of information Plaintiffs allege Feit Electric possesses, (3) the means by which [Plaintiffs] believe Feit Electric obtained this information, and (4) how such information bears on infringement." [sic]. This seeks information for more than 25 asserted claims. Thus, this Interrogatory alone accounts for more than 25 interrogatories. Moreover, each of Defendant's Interrogatory Nos. 5-7, and 9 similarly accounts for more than 25 interrogatories.

**INTERROGATORY NO. 11:**

Identify each person involved in Your patent infringement assertion decision-making procedures and strategy since 2015.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs incorporate their General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, compound, and seeks information protected by the attorney client privilege and/or attorney work product doctrine.

Plaintiffs further object to this Interrogatory in that it exceeds the limit of 25 Interrogatories per party at least because each of Defendant's Interrogatory Nos. 5-7, 9-10 accounts for more than 25 interrogatories.

**INTERROGATORY NO. 12:**

Describe in detail all testing carried out by You or on Your behalf of the Accused Products including the nature of these testing, dates, times, and individuals carrying out, supervising, monitoring, or recreating the testing, sample of accused products used in testing, records created to track the acquisition, de-construction, examination, testing, storage, handling, movement, or storage of accused product samples.

/ / /

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs incorporate their General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous, fails to define "testing," overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Seoul objects to this Interrogatory as it contains a multitude of discrete subparts, which count against the 25 per party limit as stated in Federal Rule of Civil Procedure 33(a)(1). Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *SPH Am., LLC v. Research in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (holding that plaintiff's interrogatory had multiple subparts, which sought the factual basis supporting each validity contention, the identity of the individuals who had knowledge of those facts, and the identity of the documents that supported the validity contentions); *Super. Commc'ns v. Earhugger, Inc*., 257 F.R.D. 215, 218 (C.D. Cal. 2009) (finding interrogatory had multiple subparts that requested facts; persons; and documents relating to defendant's answer to complaint). Specifically, with respect to testing of the Accused Products, this Interrogatory seeks identification of (1) the nature of these testing, (2) dates, (3) times, (4) individuals carrying out, supervising, monitoring, or recreating the testing, (5) sample of accused products used in testing, (6) records created to track the acquisition, (7) de-construction, (8) examination, (9) testing, (10) storage, (11), handling, (11) [sic] movement, or (12) [sic] storage of accused product samples. This seeks information for more than 25 Accused Products. Thus, this Interrogatory alone accounts for more than 25 interrogatories. Moreover, each of Defendant's Interrogatory Nos. 5-7, and 9-10 similarly accounts for more than 25 interrogatories.

**INTERROGATORY NO. 13:**

Identify any marks and other identifying means, including but not limited to labeling or tagging, applied to each accused product to track or maintain records of the accused product samples during testing.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiffs incorporate their General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous, fails to define "testing," overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Plaintiffs object to this Interrogatory as duplicative of Interrogatory No. 12.

Seoul objects to this Interrogatory as it contains a multitude of discrete subparts, which count against the 25 per party limit as stated in Federal Rule of Civil Procedure 33(a)(1). Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *SPH Am., LLC v. Research in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (holding that plaintiff's interrogatory had multiple subparts, which sought the factual basis supporting each validity contention, the identity of the individuals who had knowledge of those facts, and the identity of the documents that supported the validity contentions); *Super. Commc'ns v. Earhugger, Inc*., 257 F.R.D. 215, 218 (C.D. Cal. 2009) (finding interrogatory had multiple subparts that requested facts; persons; and documents relating to defendant's answer to complaint). Specifically, this interrogatory seeks "any marks and other identifying means, including but not limited to labeling or tagging, applied to each accused product to track or maintain records of the accused product samples during testing." This seeks information for more than 25 Accused Products. Thus, this Interrogatory alone accounts for more than 25 interrogatories. Moreover, each of Defendant's Interrogatory Nos. 5-7, 9-10, and 12 similarly accounts for more than 25 interrogatories.

**INTERROGATORY NO. 14**

Identify all the equipment used to examine or test the accused products including location, manufacturer, model, serial number, last calibration before used to examine or test the accused products, the operator(s) of the equipment, and the operator(s) training in the use of such equipment.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiffs incorporate their General Objections above as if set forth fully herein. In addition to the General Objections, Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous, fails to define "test" and "examine," overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Seoul objects to this Interrogatory as it contains a multitude of discrete subparts, which count against the 25 per party limit as stated in Federal Rule of Civil Procedure 33(a)(1). Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *SPH Am., LLC v. Research in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (holding that plaintiff's interrogatory had multiple subparts, which sought the factual basis supporting each validity contention, the identity of the individuals who had knowledge of those facts, and the identity of the documents that supported the validity contentions); *Super. Commc'ns v.*

> *Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (finding interrogatory had multiple subparts that requested facts; persons; and documents relating to defendant's answer to complaint). Specifically, this interrogatory seeks, for each piece of equipment used to test or analyze the accused products, identification of each piece of equipment and, for each such piece, (1) location, (2) manufacturer, (3) model, (4) serial number, (5) last calibration before used to examine or test the accused products, (6) the operator(s) of the equipment, and for each such operator, (training in the use of such equipment. This seeks information for more than 25 Accused Products, many pieces of equipment, and numerous operators. Thus, this Interrogatory alone accounts for more than 25 interrogatories. Moreover, each of Defendant's Interrogatory Nos. 5-7, 9-10, and 12-13 similarly accounts for more than 25 interrogatories.

ECF No. 177-3, Pls. Seoul Semiconductor Co., Ltd. And Seoul Viosys Co., Ltd.'s Objections and Responses to Defendant's Second Set of Interrogatories (No. 5-14) at 4-14.

### C. The Parties' Arguments

#### 1. Defendant's Motion to Compel

Defendant raises three basic arguments. First, Defendant contends that Plaintiffs improperly, repeatedly object that these interrogatories contain "multiple discrete subparts." ECF No. 177, MTC at 6. Defendant contends this is improper because Plaintiffs took the opposite position in its effort to require Defendant to respond to their interrogatories. Id. Second, Plaintiffs' boilerplate objections "can and should be dismissed outright." Id. Third, Plaintiffs refusal to answer interrogatories to which they agreed to provide information as a result of the discovery conference held on December 12, 2023 is "untenable." Id. at 7. Defendant contends that this refusal to follow through on its prior commitments is exasperated by Plaintiffs' "attempt to wrangle inappropriate concessions from [Defendant] in exchange for Plaintiffs' agreement to meet the minimum threshold under Fed. R. Civ. P. 33." Id.

With respect to the numerosity objections asserted by Plaintiffs, Defendant argues that in its previous Order this Court provided the framework by which it would analyze whether a particular interrogatory contained multiple, independent sub-parts such that it should be considered to be separate interrogatories. Id. at 13. Specifically, this Court stated: "If, however, an interrogatory seeks information related to patents-in-suit that are sufficiently different ***and*** required a separate inquiry of the accused products, it ***may*** constitute discrete subparts." Id. (quoting ECF No. 118, Order at 22) (emphasis in briefing and not in the Order). Defendant further argues that "the Court was clear that an interrogatory seeking information about more than 25 accused products does not, on its own, result in 25 separate interrogatories." Id. at 14. Further, Defendant notifies the Court that it had supplemented its own responses to Plaintiffs' interrogatory numbers 11 and 16, related to awareness of the patents-in-suit and sales/packaging information related to the accused products, respectively, despite its own numerosity objections to those interrogatories. Id. n.4.

/ / /

Turning to the particular interrogatories, Defendant argues that Interrogatory No. 5, which seeks the alleged priority dates, seeks appropriate information which is often required to be provided as part of initial infringement contentions under certain United States District Court local rules and is necessary to, among other things, determine the appropriate level of ordinary skill in the art. Id. at 15. Defendant argues that even though this relates to the separate patents-in-suit, it is "'logically ***or*** factually subsumed within and necessary related to the primary question,'" such that it should be counted as a single interrogatory. Id. at 16 (quoting Stamps.com, Inc. v. Endicia, Inc. PSI Sys. Inc., No. CV06-7449-ODW(CTx) 2009 WL 2576371, at *3 (C.D. Cal. May 21, 2009) (emphasis added in briefing).

With respect to Interrogatory Nos. 12-14, "Interrogatory [N]o. 12 seeks details regarding the tests run on the accused products, [N]o. 13 seeks details regarding how Plaintiffs tracked the accused products during testing, and [N]o. 14 seeks details regarding the specific equipment used to examine the accused products during testing." ECF No. 177, MTC at 17. Defendant argues this seeks "plainly relevant information" and should be "non-controversial." Id. Defendant argues that Plaintiffs' refusal to provide responsive material is "especially egregious given that they already agreed to supplement their responses during the parties' December 12, 2023 discovery conference with Judge Kewalramani." Id. Plaintiffs' non-numerosity objections are not well taken here, because Defendants argue that this information is relevant and appropriate. See id. at 17-18. As to the numerosity objection, Defendant argues that Plaintiffs' "extreme view" that because the Interrogatory Nos. 12-14 each seek information related to more than 25 Accused Products it necessarily means each interrogatory counts as 25 separate interrogatories, is not supported by this Court's Order or other authority. Id. at 18 (citing Lexington Luminance LLC v. Felt Elec. Co., Inc., No CV 18-10513-PSG(KSx), 2020 WL 10052402, at *6-7 (C.D. Cal. June 22, 2020).

With respect to Interrogatory No. 6, which seeks "information as to identifying marks that Plaintiffs contend would allow a retailer, distributor, or supplier of LED-based products to determine whether the LED components in those products embody a claim of an asserted patent," Defendant argues that it is "relevant to at least Feit Electric's marking and licensing defenses." ECF No. 177, MTC at 18-19. Defendant argues that with respect to Plaintiffs' numerosity objection, Defendant is not seeking information regarding each patent-in-suit or each accused product but rather information regarding "the singular issue of Plaintiffs' knowledge of any such identifying marks." Id. at 19. Defendant argues that Plaintiffs' remaining objections, including Plaintiffs' failure to understand what a "LED chip" or "LED package" is, is not well taken considering these are terms that Plaintiffs use. Id. Similarly, Plaintiffs' objection that this information is in the "possession, custody, or control [of Defendant] is of no import . . . ." Id.

As to Interrogatory No. 7, Plaintiffs' objection that this is duplicative of Defendant's Interrogatory No. 3 is not accurate, because Plaintiffs did not object to Interrogatory No. 3 on the basis of numerosity, such that when Plaintiffs incorporated its previously asserted objections, Plaintiffs waived this objection. Id. Defendant further argues that Interrogatory No. 7 is in fact narrower than Interrogatory No. 3, such that those objections are not applicable here; Plaintiffs have in fact supplemented their response to Interrogatory No. 3; and Plaintiffs' objection to the term "Accused Product" on the basis of being vague and ambiguous is not well taken. Id. at 20.

Moreover, "Plaintiffs['] numerosity objection is misplaced, as the inquiry is not made on a per product basis, but rather on the primary questions that seek[] information regarding what steps, if any, Plaintiffs took to determine whether any accused product was already under a license of theirs." Id. Finally, Defendant argues that the objection that this refers to a license defense is not appropriate because "'the Federal Rules do not restrict the scope of discovery based on which party bears the burden of establishing an issue in later proceedings.'" Id. (quoting Blast Motion, Inc. v. Zepp Labs, Inc., 3:15-cv-00700-JLS-NLS, 2016 WL 5107677, at *2 (S.D. Cal. Mar. 2, 2016)).

With respect to Interrogatory No. 8, Defendant notes that Plaintiffs are not claiming that it contains discrete subparts, but rather the previous interrogatories exceeded the 25 interrogatory limit, and Plaintiffs' objection that the information will be provided at the appropriate time for expert discovery is not well taken because "it is well-settled [that] Plaintiffs cannot wait until expert discovery to provide their damages contentions." Id. at 21 (citations omitted).

Defendant argues that Interrogatory No. 9, which seeks "Plaintiffs' bases for any contention that [Defendant's] . . . alleged infringement is willful," was only objected to with "boilerplate, frivolous objections . . . [which] should be rejected outright." Id. Moreover, Defendant has substantively responded in good faith to a similar interrogatory propounded by Plaintiffs. Id. Defendant contends that they are entitled to information and "cannot hide behind numerosity to avoid providing their bases." Id. at 22.

Defendant argues that Plaintiffs' objections to Interrogatory No. 10 are boilerplate and it does not seek information related to more than 25 asserted claims because even though it "contains several subparts, they are all sufficiently related to the single inquiry regarding Plaintiffs' knowledge . . . ." Id. at 22-23 (citing Lexington Luminance LLC, 2020 WL 10052402, at *7).

With respect to Interrogatory No. 11, Defendant argues that the numerosity objection is "based on [Plaintiffs'] erroneous view that other interrogatories have already exceeded the limit allowed under the Federal Rules . . . ." Id. at 23. Defendant adds that the boilerplate objections should be rejected and it is relevant to "Plaintiffs' business policies . . . [and] also relevant to the identification of deponents." Id.

Finally, Defendant argues that Plaintiffs' offer to answer the questions in exchange for an agreement to "expand the number of allowed interrogatories per side to 100-125 total interrogatories," is "another example of Plaintiffs' pattern of stonewalling." Id. This is because Defendant's interrogatories "are narrowly-tailored so as not to consist of improper subparts . . . [and] Plaintiffs' purported 'offer' is not a serious proposal, and instead demonstrates they continue 'playing games,' despite this Court's prior warnings." Id. at 23-24. Defendant further argues that Plaintiffs have not engaged in the necessary analysis to determine an appropriate number of interrogatories that are warranted, have not tried to cure their own numerosity deficiencies, and Defendant "has no basis for believing that it needs an increase in the allowed interrogatories because the Court has not held any of Feit Electric's interrogatories deficient." Id. at 24-25.

### 2. Plaintiffs' Opposition to the Motion to Compel

Plaintiffs initially argue that Defendant has exceeded the "25 interrogatories due to numerosity in the context of subparts" as addressed in other briefing and the Order. ECF No. 183, Opp'n at 2. This is because "the Court has found that in this case, which involves 12 patents that are unrelated (as advocated by [Defendant] . . . and adopted by the Court) many of the interrogatories that [are] the subject of the . . . Motion require a separate inquiry for each patent and therefore constitute separate interrogatories." Id. "Indeed, . . . Plaintiffs' numerosity objections are the same as those lodged by [Defendant] . . . and sustained by the Court in response to Plaintiffs' interrogatories." Id. Based on the 22 numbered interrogatories served by Defendant, "if even a single one of the interrogatories at dispute in this Motion constitutes multiple subparts (e.g. for each asserted patent), [Defendant] . . . will have surpassed the limit of 25." Id. at 3.

With respect to Interrogatory No. 5, because it seeks information as to each claim being asserted by Plaintiffs, and they are from 12 unrelated patents, this interrogatory alone constitutes 12 interrogatories. Id. at 5-6. Similarly, Plaintiffs argue that Interrogatory No. 6 also constitutes 12 separate interrogatories because it seeks information that would require comparing the "claims of a patent to the accused product." Id. at 6-7. Additionally, the phrase "destructive testing" has not been defined and is vague. Id. at 7.

Plaintiffs argue that Interrogatory No. 7 includes "at least two macro inquiries and, potentially, many, many, more micro inquiries." Id. Plaintiffs argue that the first macro inquiry requires Plaintiffs to determine whether the LED chips or LED packages in the Accused Products were manufactured by Plaintiffs. As to the "licensed, or otherwise authorized" portion, this would require Plaintiffs to review "its entire patent portfolio, not just the Asserted Patents," id., as well as an "analysis of exactly which patents the Accused Product infringes . . . ," id.

As to Interrogatory No. 9, Plaintiffs argue that this constitutes 12 separate inquiries because it requires Plaintiffs to conduct an "analysis of each [of the 12] patent[s asserted] for which willfulness is alleged . . . ." Id. at 8. Similarly, Plaintiffs argue, Interrogatory No. 10 also involves 12 separate inquiries because it requires an analysis of the possession of information related to the possible infringement of the 12 asserted patents. Id. Further, Plaintiffs argue that the inquiry regarding Plaintiffs' basis of knowledge, the means Plaintiffs believe that Defendant obtained this knowledge, and how such information bears on infringement, counts as three separate inquiries, which, when combined with the other 12 separate inquiries in this interrogatory, brings the total to "14 separate inquiries." Id. at 9.

Plaintiffs argue that Interrogatory No. 12 includes at least 11 separate inquiries because it seeks a detailed description of the various tests carried out on the Accused Products and this "seeks to require [Plaintiffs] . . . to '[d]escribe in detail' each of these tests." Id. Further, the inquiry related to the "(1) acquisition, (2) de-construction, examination, testing (3) storage, handling, movement of the Accused Products . . . consist[s] of separate inquiries." Id. at 9-10.

Finally, Plaintiffs' argues that like Interrogatory No. 12, Interrogatory No. 14 calls for separate inquiries "with respect to the equipment used for testing," such that it constitutes "at least 11 separate inquiries." Id. at 10.

### 3. Defendant's Reply

Defendant first argues that "Plaintiffs do not contest that their objections to [Defendant's] . . . interrogatories, based on grounds other than numerosity, are improper." ECF No. 190, Reply at 2. Moreover, Defendant argue that Plaintiffs do not contest that the proposal to increase the number of interrogatories was baseless. Id. Consequently, Plaintiffs waived their arguments on the bases not asserted in their opposition. Id.

As for the numerosity objection, Defendants state that Plaintiffs' argument "adopt[s] a cursory and overly simplistic approach based on legal and factual error." Id. This is because the Court's Order addressed Plaintiffs' interrogatories and did not make a finding regarding Defendant's interrogatories. Id. at 2-3. Additionally, Defendant argues that its "interrogatories are narrowly-tailored and focused on singular primary inquiries so as not to consist of improper subparts." Id.

Defendant argues that Plaintiffs' claim that any mention of the asserted patents turns it into 12 interrogatories is improper and "Plaintiffs' objections are improper because they focus on the scope of ***Plaintiffs' own claims against Feit Electric*** in this case." Id. at 5 (emphasis in original). Moreover, Defendant should not be prohibited from using interrogatories based on Plaintiffs' "dictation of the scope of their case." Id.

Turning to Interrogatory No. 5, Defendant argues that it is entitled to know this information regarding priority dates and Plaintiffs' assertion of a bright line test that because it relates to separate claims, it should count as separate interrogatories, is "untenable." Id. at 6 (citation omitted). Moreover, Plaintiffs should not be able to choose which interrogatories they wish to respond to until their numerosity objection is resolved. Id. at 7.

With respect to Interrogatory No. 6, Defendant argues that it refers to knowledge of identifying marks and is a "singular issue" and that it may refer to 12 patents does not automatically turn it into 12 interrogatories. Id. Similarly, with Interrogatory Nos. 9 and 10, Defendant argues that the numerosity objections are not supported. Id. at 8-9. Specifically, with respect to Interrogatory No. 9, the remaining willfulness allegations involve 3 of the patents (the '210, '912, and '157 patents). Id. at 8. Consequently, Plaintiffs' claim that it would involve 12 patents is not a good faith argument. Id. As for Interrogatory No. 10, Defendant argues that it seeks information that Plaintiffs have regarding its "continue[d] . . . insist[ence]" that Defendant has information related to "'technical information, drawings, specifications or the like . . .'" Id. It does not require 14 separate inquiries, as Plaintiffs argue. Id.

Defendant argues that Plaintiffs' contentions as to Interrogatory No. 7 have no merit and seeks information "focused on the primary question about the steps Plaintiffs did or did not take to determine whether the Accused Products contained LED chips or LED packages

manufactured, licensed, or otherwise authorized by Plaintiffs prior to accusing them of infringement." Id. at 9. Finally, with respect to Interrogatory Nos. 12-14, Defendant states that Plaintiffs "backtrack on their prior agreement to supplement Interrogatory Nos. 12-14." Id.

## II. DISCUSSION

### A. General Legal Standards Regarding Discovery

Rule 26(b)(1) governs the scope of permissible discovery and provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevancy, for purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Nguyen v. Lotus by Johnny Dung Inc., No. 8:17-cv-01317-JVS-JDE, 2019 WL 3064479, at *1 (C.D. Cal. June 5, 2019) (internal citations and quotation marks omitted). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (internal citations and quotation marks omitted).

Because discovery must be both relevant and proportional, the right to discovery, even plainly relevant discovery, is not limitless. See Fed. R. Civ. P. 26(b)(1); Nguyen, 2019 WL 3064479, at *1. Discovery may be denied where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). "The party opposing discovery is 'required to carry a heavy burden of showing' why discovery should be denied." Reece v. Basi, No. 2:11-CV-2712 TLN (AC), 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014), aff'd, 704 F. App'x 685 (9th Cir. 2017) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). Moreover, when ruling on a motion to compel in a patent case, the law of the regional circuit controls because orders compelling discovery are not unique to patent law. See Drone Techs., Inc. v.

Parrot S.A., 838 F.3d 1283, 1297 (Fed. Cir. 2016) (noting that the Federal Circuit is "guided by regional circuit law when reviewing discovery rulings").

Finally, "[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." United States ex rel. Brown v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015) (internal citations and quotation marks omitted).

**B. Interrogatory Requirements and Scope Under Rule 33**

Rule 33 governs interrogatories to parties. The purpose of interrogatories is to limit and clarify the issues for the parties in preparation for further trial proceedings. See Soria v. Oxnard Sch. Dist. Bd. of Trustees, 488 F.2d 579, 587 (9th Cir. 1973). "An interrogatory may relate to any matter that may be inquired into under Rule 26." Fed. R. Civ. P. 33(a)(2). "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

"If objections are made, the burden is on the interrogating party to move under Rule 37(a) for a court order compelling answers, in the course of which the court will pass on the objections. The change in the burden of going forward does not alter the existing obligation of an objecting party to justify his objections." Fed. R. Civ. P. 33, Advisory Committee Notes 1970 Amendments, Subdivision (a)(3). Parties responding to interrogatories must do so "to the fullest extent possible" and "objections must be stated with specificity." Celgene Corp., 2015 WL 12731923, at *4 (citations omitted).

**C. Analysis**

**1. The Remaining Objections**

Plaintiffs' briefing, with the exception of the use of the term "destructive testing" used in Interrogatory No. 6 and potentially requiring the analysis of Plaintiffs' entire patent portfolio related to LED chips or LED packages that are manufactured, licensed, or otherwise authorized by Plaintiffs in response to Interrogatory No. 7, focuses on the numerosity of the propounded interrogatories. See generally ECF No. 183, Opp'n. Consequently, the Court will only focus on the objections that have been asserted by Plaintiffs in their opposition to the Motion to Compel and deems that the other objections are waived. See Medina v. Cnty. of San Diego, No. 08cv1252 BAS (RBB), 2014 WL 4793026, at *16 (S.D. Cal. Sept. 25, 2014) ("When ruling on a motion to compel, a court generally considers only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel. If a party fails to continue to assert an objection

in opposition to a motion to compel, courts deem the objection waived." (internal quotations and citations omitted)).

**2. The Objections to Interrogatory Nos. 8, 11, and 13 Are Waived.**

In their Opposition, Plaintiffs do not address the arguments related to Interrogatory Nos. 8, 11, and 13. See generally ECF No. 183, Opp'n. Therefore, for the same reasons applicable to the specific objections not presented in their Opposition, any objections to those Interrogatories are also waived. See Medina, 2014 WL 4793026, at *16.

**3. Numerosity (and Other) Objections**

The Court will not repeat the standard set out in the previous Order as to what may constitute discrete sub-parts within a single interrogatory, see ECF No. 118, Order at 20-22, and will apply the same standards to analyze Defendant's interrogatories.

a. Interrogatory No. 5

This interrogatory seeks the priority date for each asserted claim. The information is plainly relevant and would be proportional and the only issue is whether this interrogatory constitutes discrete subparts. The only case Defendant cites in support of its numerosity related argument is Lexington Luminance LLC, 2020 WL 10052402, which involved a single patent, and is not helpful to Defendant under the facts in this case. As set forth in the Order, and as Defendant argued in opposition to Plaintiffs' motion to compel, the twelve patents-in-suit are unrelated. ECF No. 79-1, Joint Stipulation at 58. Consequently, if the Court were to apply the "related to" principle set out in Lexington Luminance, 2020 WL 10052402, at *7, to require a response, it would then require Plaintiffs to go through these twelve unrelated patents and determine the appropriate priority dates of the asserted claims within each. This would result in this interrogatory comprising twelve interrogatories.

It is worth noting that the Court had given the parties a way out of this numerosity problem by noting that the parties could request additional interrogatories. See ECF No. 118, Order at 25 (citing to NantWorks, LLC v. Niantic, Inc., No. 20-CV-06262-LB, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (noting that "[i]n patent cases in particular, where issues are often more complex than the typical federal case for which the presumptive limit was developed, leave to exceed 25 interrogatories may well be appropriate." (internal quotations and citations omitted)). Defendant could have requested leave without entering into an agreement with Plaintiffs, but chose not to and instead relies on its position that these, and the other interrogatories, did not contain discrete subparts.

Having failed to prevail in its argument, the Court deems this interrogatory to constitute twelve discrete subparts. Consequently, in addition to the previous four interrogatories propounded by Defendant, Defendant will have utilized sixteen interrogatories. Therefore, Plaintiffs must provide a response to Interrogatory No. 5 within two weeks of the issuance of this order.

b. Interrogatory No. 6

The use of the term "destructive testing" is not a valid basis for objecting to Interrogatory No. 6. Plaintiffs' effort to feign confusion or ignorance is not well taken and is overruled. The plain meanings of the words are understandable and any answer could have been provided with any qualifiers that Plaintiffs may have chosen to utilize setting out its own understanding of the term. With respect to the numerosity objection, the interrogatory seeks information regarding "identifying marks," and goes on to provide examples, that a "retailer, distributor, or supplier of LED-based products" could use to "determine without destructive testing" whether LED technology embodying a claim in the asserted patents is being used in the product. The interrogatory does not require an analysis of whether any product contains the technology, nor does it require a comparison of a LED product to the asserted claim, but it does require indication of what, if any, identifying marks Plaintiffs utilized. Consequently, the numerosity objection is overruled. Therefore, Plaintiffs must provide a response to Interrogatory No. 6 within two weeks of the issuance of this order, as this would count as the seventeenth interrogatory.

c. Interrogatory No. 7

This interrogatory seeks information related to the Accused Products and whether they contain LED chips or LED packages "manufactured, licensed, or otherwise authorized by" Plaintiffs. As noted by Plaintiffs, this interrogatory is untethered to the Asserted Patents and as Plaintiffs argue, would require an analysis of Plaintiffs' entire patent portfolio. However, Plaintiffs did not make this "entire portfolio" objection in its response to Interrogatory No. 7, nor did Plaintiffs provide a copy of its responses to Defendant's Interrogatory No. 3, such that the Court could determine whether this objection was previously made. As such, it appears waived. See Celgene Corp., 2015 WL 12731923, at *4 (noting that parties responding to interrogatories must do so "to the fullest extent possible" and "objections must be stated with specificity." (citations omitted)).

As for the numerosity objection, it is not applicable because the interrogatory relates to steps generally taken to determine whether the Accused Products contain items that may have been licensed or manufactured by Plaintiffs as it relates to, at least the Asserted Patents. This

does not require an analysis of the claims as it relates to the accused products but rather the steps taken to identify whether the accused products contain LED chips or LED packages licensed, manufactured, or otherwise authorized by Plaintiffs. Consequently, the numerosity objected is overruled.

Therefore, because this is the eighteenth interrogatory, Plaintiffs must provide a response to Interrogatory No. 7 within two weeks of the issuance of this order.

d. Interrogatory No. 8

As noted previously, based on Plaintiffs' failure to respond to the Motion as to this interrogatory, Plaintiffs' objections are waived. Therefore, because this is the nineteenth interrogatory, Plaintiffs must provide a response to Interrogatory No. 8 within two weeks of the issuance of this order.

e. Interrogatory No. 9

This is a contention interrogatory seeking information related to Plaintiffs' contention that Defendant "willfully infringed any patent-in-suit" as well as information related to that contention. Defendant does include other information that does not appear to be subsumed within the primary inquiry, such as the "basis on which Feit Electric could or should have recognized the potential infringement, the characteristics of the products that would or should have alerted Feit Electric of the potential infringement, and the steps [Plaintiffs] . . . allege Feit Electric should have taken to recognize the potential infringement."

Considering the willfulness allegation relates to three patents-in-suit, the support for the willfulness allegations in Plaintiffs' FAC would seek responses to three discrete subparts as to the patents-in-suit. The remaining portion of the interrogatory also constitutes at least one additional subpart, totaling four subparts.

Therefore, because this would constitute the twentieth to twenty third interrogatories, Plaintiffs must provide a response to Interrogatory No. 9 within two weeks of the issuance of this order.

/ / /

/ / /

/ / /

f. Interrogatory No. 10

This interrogatory, generally, appears to seek information to the extent Plaintiffs allege that Defendant has certain types of information, e.g. "technical information, drawings, specification or the like that relate to possible infringement of the asserted claims of the patents-in-suit," why Plaintiffs believe Defendant would have it, and what Plaintiffs believe Defendant would have. Defendant then seeks the "means by which [Plaintiffs] . . . believe [Defendant] . . . obtained this information, and how it bears on infringement." With respect to the interrogatory, the majority of it relates to the primary question of why Plaintiffs believe Defendant have certain types of information, though the latter contention of "how it bears on infringement" appears to be a separate contention inquiry.

The interrogatory does not require an analysis of separate patents or claims, but rather the basis, to the extent Plaintiffs allege, of Plaintiffs' belief. This is akin to a contention interrogatory and seeks the basis for a belief. Other than a conclusory statement that "this require[s] 12 separate inquiries – one for each of the patents," ECF No. 183, Opp'n at 8, there is no argument or basis provided that would allow for the Court to conclude that this interrogatory requires a separate inquiry related to each patent-in-suit. To the contrary, it appears related, to the extent Plaintiffs allege, why Plaintiffs believe Defendant would have this type of information. Consequently, the numerosity objection on this basis is overruled. However, the portion of the interrogatory that seeks an answer to "how it bears on infringement" is a separate inquiry, such that this interrogatory constitutes two discrete subparts.

Therefore, because this would constitute the twenty fourth and twenty fifth interrogatories, Plaintiffs must provide a response to Interrogatory No. 10 within two weeks of the issuance of this order.

g. Interrogatory Nos. 11-14

In light of the previously set out rulings, Defendant has used their twenty-five interrogatories allowed for under Rule 33 and Defendant has not sought leave to seek additional interrogatories. Consequently, the Court will not go through the exercise of addressing the Motion with respect to the remaining interrogatories. However, the Court is extremely disappointed that Plaintiffs decided to renege on its agreement to provide testing information as outlined in the Court's confirmatory e-mail following the day-long conference that was held to resolve many of the discovery issues. The Magistrate Judge, however, recognizes that the confirmatory e-mail regarding what Plaintiffs' counsel agreed to during the conference was "not to be construed to be an order of the Court," ECF No. 177-8, Mag. J. E-mail at 2.

## III. CONCLUSION

For the reasons set forth previously, Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

And Plaintiffs are ordered to provide responses to Defendant's Interrogatory Nos. 5-10 **within two weeks** of this order.

**IT IS SO ORDERED.**