UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-5097-AB-SHK | Date: | July 10, 2024 |
|---|---|---|---|

| Title: | *Seoul Semiconductor Co., Ltd., et al. v. Feit Electric Co., Inc.* |
|---|---|

Present: The Honorable  **ANDRÉ BIROTTE JR., United States District Judge**

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order Extending Claim Construction Briefing Deadlines, Vacating Other Deadlines, and Ordering Joint Scheduling Report

## I.  Background

On July 2, 2024, the Court entered an Order regarding the claim construction discovery cutoff and fact-witness deposition cut-off. *See* Dkt. No. 239. In sum, the claim construction discovery cutoff was extended briefly to accommodate the unexpected illness of an expert witness. Given that brief extension, the Court ordered the parties to meet and confer regarding a short extension of the claim construction briefing deadlines commensurate with the delay caused by the expert's illness.

The Court ordered the parties to submit their joint proposal to the Special Master by July 5, 2024, and the parties have done so. Additionally, in view of the 17 terms submitted for construction, the parties have jointly request that the page limits for the opening and responsive claim construction briefs be increased from 25 pages to 30 pages per brief.

## II.   Claim Construction Schedule

The Court thanks the parties for their cooperation in providing proposed dates and adopts those dates as follows:

| Event | Previous Date | New Date[1] |
|---|---|---|
| Close of claim construction discovery | Wednesday, July 3, 2024 | Friday, July 12, 2024 |
| Simultaneous opening claim construction briefs | Wednesday, July 17, 2024 | Thursday, July 25, 2024 |
| Simultaneous responsive claim construction briefs | Wednesday, August 7, 2024 | Thursday, August 15, 2024 |
| Technology tutorial written/video materials due | August 13, 2024 | Friday, August 16, 2024 |
| Technology tutorial hearing | August 23, 2024, | No change |
| Claim construction hearing and further scheduling conference | September 13, 2024 | No change |

## III.   Claim Construction Briefs

As stated, the parties have submitted a total of 17 proposed terms for construction. The proposed number of terms is consistent with the Court's Order Setting Claim Construction Schedule and Further Case Narrowing Procedures. *See* Dkt. No. 208 (permitting up to ten terms per side that are likely to be most significant in resolving the parties' dispute, but the Court may decline to provide construction if it appears a proposed term is not significant to resolving a dispute).

In view of the expanded number of terms permitted, and considering the complexity of issues presented, the Court finds good cause for permitting the parties to submit 30-page opening and responsive claim construction briefs instead of 25-page briefs. The Court **GRANTS** the parties' request for 30-page briefs.

---

[1] Consistent with Dkt. No. 208, all deadlines are by 5:00 PT.

### IV. Remaining Schedule

On February 2, 2023, the Court entered and Order Setting Patent Schedule. *See* Dkt. No. 63. That Order included other scheduling events, including summary judgment- and trial-related deadlines. Although the Court has amended the claim construction deadlines on several occasions, *see* Dkt. Nos. 116, 151, 208, the deadlines set for after claim construction have not been formally vacated. Accordingly, the Court **VACATES** the remaining dates from Dkt. No. 63. The Court will set further dates relating to summary judgment and trial proceedings at the scheduling conference set on September 13, 2024.

To prepare for the scheduling conference, the parties are ordered to meet and confer in advance of the hearing, and no later than September 6, 2024, **SUBMIT** a joint report setting for their respective and/or collective positions on the remaining proposed schedule. If the parties disagree on proposed dates, the Court encourages the parties to communicate with the Special Master informally in advance of the scheduling conference to reach agreement as much as possible.

**IT IS SO ORDERED**.