SALIL BALI, State Bar No. 263001
   sbali@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: 949.725.4000

ZIYONG SEAN LI, State Bar No. 289696
   sli@beneschlaw.com
GREGORY CARL PROCTOR, State Bar No. 311214
   gproctor@beneschlaw.com
HAYK SNKHCHYAN, State Bar No. 341698
   hsnkhchyan@beneschlaw.com
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2250

KAL K. SHAH (admitted *pro hac vice*)
   kshah@beneschlaw.com
SIMEON G. PAPACOSTAS (admitted *pro hac vice*)
   spapacostas@beneschlaw.com
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949

*Attorneys for Defendant, Feit Electric Co., Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation, SEOUL VIOSYS CO., LTD., a Korean corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>FEIT ELECTRIC CO., INC.,<br><br>            Defendant. | CASE NO. 2:22-cv-05097<br><br>Honorable Andre Birotte Jr<br>Magistrate Shashi H. Kewalramani<br><br>**DEFENDANT FEIT ELECTRIC CO., INC.'S APPLICATION TO FILE ITS OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. MICHAEL LEBBY (AND EXHIBITS THERETO) UNDER SEAL**<br><br>*FAC Filed: December 21, 2022* |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE,** that pursuant to Local Rule 79-5 and the Protective Order (Dkt. No.78) in the above-entitled action, Defendant Feit Electric Co., Inc. ("Feit Electric") hereby applies to this Court for an order permitting it to file under seal its Opposition to Plaintiffs' Motion to Exclude the Expert Testimony of Dr. Michael Lebby as well as documents supporting the Motion.

The following documents contain proprietary, commercially sensitive or competitive information, the entirety of which have been designated by Plaintiffs or Defendant as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to the Protective Order (Dkt. 77). *See* concurrently filed Declaration of Simeon G. Papacostas ("Papacostas Decl.") in support of Feit Electric's Application for Leave to File Under Seal, ¶¶ 4-9. Specifically, Feit Electric seeks to file, under seal, true and correct unredacted copies of the following documents:

1. Feit Electric's Opposition to Plaintiffs' Motion to Exclude the Expert Testimony of Dr. Michael Lebby (the "Lebby *Daubert* Opposition"); and

2. Exhibit Nos. L2, L4, L6, and L7 to the Declaration of Gregory Proctor in Support of Feit Electric Co., Inc.'s Opposition.

Pursuant to L.R. 79-5.2.2(b), on February 5, 2025, counsel for Feit Electric reached out to Plaintiffs' counsel and informed Plaintiffs' counsel that certain documents and testimony discussed within Feit Electric's Opposition and in the accompanying exhibits contained information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by Plaintiffs or Defendant pursuant to the parties' Protective Order in this case (Dkt. 78) and indicated that Feit Electric would be filing that information under seal in order to prevent disclosure of Plaintiffs' or Defendant's confidential information. *See* Papacostas Decl., ¶ 10. Feit Electric

1  requested that Plaintiffs indicate whether they opposed filing that material under
2  seal. Plaintiffs responded, noting their non-opposition to this Application. *Id.*

### GOOD CAUSE EXISTS TO GRANT THIS APPLICATION

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978). Two standards generally govern motions to seal documents, compelling reasons or good cause. The standard to be applied depends on whether the motion is "more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Where a motion pertains to the merits of a case, courts apply a "compelling reasons" standard. *Id.* at 1096-97. The Court's Initial Standing Order provides that "[f]or each document or other type of information a party seeks to file under seal, the party must identify and discuss the factual and/or legal justification that establishes 'good cause' or 'compelling reasons' for the matter should be protected. Dkt. 19 at 10:26–11:2 (citing *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179–80 (9th Cir. 2006)). Relevant factors include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679, n.6 (9th Cir. 2010). As explained below, there are compelling reasons to seal the documents identified above.

Under Central District of California Local Rule 79-5, documents may be filed under seal after obtaining approval of the Court. Documents containing confidential, valuable, and non-public information that would cause competitive injury to a party if publicly disclosed, are subject to protection under Rule 26(c). *See Apple Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (sealing documents is appropriate if "release of the documents will cause competitive harm to a business").

Here, the documents discussed above have been designated confidential by Plaintiffs or Defendant. Papacostas Decl. at ¶¶ 4-9. It is Feit Electric's understanding that Plaintiffs believe the information designated by Plaintiffs as CONFIDENTIAL or HIGHLY CONFIDENTIAL contained therein has not been previously made public, and that the disclosure of this competitively sensitive information could be used by third parties to the parties' detriment. *Id.* The information designated by Feit Electric as CONFIDENTIAL or HIGHLY CONFIDENTIAL contained therein has not been previously made public, and it is Feit Electric's understanding that the disclosure of this competitively sensitive information could be used by third parties to its detriment. *Id.* at ¶¶ 5-7.

Accordingly, Feit Electric submits that there exist compelling reasons to overcome the right of public access to the unredacted versions of these documents because they contain proprietary, commercially sensitive, or competitive information of Plaintiffs or Defendant, thus there is good cause to file the documents under seal.

If this Application is denied, counsel requests that the Courtroom Deputy Clerk destroy the Chambers' copies of the documents.

DATED: February 6, 2025   STRADLING YOCCA
                          CARLSON & RAUTH LLP

                          By: */s/ Salil Bali*
                              Salil Bali

                          BENESCH FRIEDLANDER
                          COPLAN & ARONOFF LLP

                          Kal K. Shah
                          Ziyong Sean Li
                          Gregory Carl Proctor
                          Simeon G. Papacostas
                          Hayk Snkhchyan

                          **Attorneys for Defendant**
                          **Feit Electric Company, Inc.**