UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:22-cv-5097-AB-SHK | Date: | March 4, 2025 |

| | |
|---|---|
| Title: | *Seoul Semiconductor Co., Ltd., et al. v. Feit Electric Co., Inc.* |

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order Continuing Dispositive Motions Hearing and Revising Post-Markman Schedule**

    The Court previously a post-Markman schedule setting the remaining case events through trial. *See* Dkt. 275. In view of the need to continue the hearing on the dispositive and related Daubert motions due to a criminal trial, the Court hereby amends the schedule as follows. The Court understands that the Special Master has conferred with the parties concerning these amendments and the dates work for all parties.

| Event | Date[1] |
|---|---|
| Dispositive motions hearing | March 21, 2025<br>10:00 a.m. via Zoom |

---

    [1] Consistent with Dkt. 208, unless otherwise noted, all deadlines are by 5:00 PT.

| Event | Date[1] |
|---|---|
| *Estimated issuance of dispositive motions order* | *By April 4, 2025* |
| Combined Phase III/IV narrowing[2] per Dkt. 208 Plaintiffs to narrow to 4 patents / 16 claims | April 11, 2025 |
| Defendant to narrow to 16 positions | April 18, 2025 |
| Trial Filings (First Round) | May 1, 2025 (unchanged) |
| Trial Filings (Second Round) | May 15, 2024 (unchanged) |
| Final Pretrial Conference | May 30, 2025 (unchanged) |
| Trial | June 16, 2025 8:30 a.m. (unchanged) |

Accordingly, the hearing on the parties' dispositive and related Daubert motions previously set for March 7, 2025 is **CONTINUED** to March 21, 2025, to be conducted via Zoom webinar, and the parties' internal dates are adjusted as set forth above. The trial-related dates remain unchanged.

**IT IS SO ORDERED**.

---

[2] The Court understands that Plaintiffs have already narrowed to five patents, thus Phase III narrowing, which requires narrowing to 6 patents, has effectively been completed and no longer requires a separate deadline.