UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-5097-AB-SHK | Date: | March 17, 2025 |
|---|---|---|---|

| Title: | *Seoul Semiconductor Co., Ltd., et al. v. Feit Electric Co., Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:    [In Chambers] Order Regarding Supplemental Claim Construction and Vacating Hearing**

The parties have briefed their respective dispositive and Daubert motions and the hearing on these matters is currently set for March 21, 2025, via Zoom webinar. On March 12 and 13, 2025, the Special Master held conferences with the parties to discuss these motions. The Court has considered the arguments raised and finds that supplemental claim construction in connection with the motions is warranted.

Specifically, the parties dispute the plain and ordinary meaning of the claim limitation "spacer layer" in Claims 1 and 9 of the '210 Patent. Resolution of that dispute is relevant to deciding the Lebby Daubert and Plaintiff's Partial Motion for Summary Judgment.

Following Markman proceedings, the Court, in its discretion, may provide further or modified claim construction, especially as needed in connection with resolving summary judgment motions. *See, e.g.*, *Wi-LAN USA, Inc. v. Apple Inc.*, 830 F.3d 1374, 1380–81 (Fed. Cir. 2016) ("We apply our traditional claim construction framework to this review even though the district court reached these

constructions on summary judgment and reconsideration of summary judgment rather than in the phase of the case specifically dedicated to claim construction."); *MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1350 (Fed. Cir. 2005) (noting district court construed some claim limitations during Markman proceedings and construed later another limitation that was necessary to decide summary judgment motion); *Fractus, S.A. v. ZTE Corp.*, No. 3:18-CV-2838-K, 2019 WL 5267426, at *6 (N.D. Tex. Oct. 16, 2019) ("It is apparent from the parties' summary judgment briefing on this issue that the parties dispute the meaning of [a claim term]," therefore, "the Court hereby issues a clarification of the meaning of [the claim term]").

Although the Court typically does not allow untimely claim construction, the Court notes that this dispute arose in the context of an opinion offered during expert discovery and therefore could not have been raised earlier. Also, the Court ruled in the narrowing Order that limiting the number of terms for construction was without prejudice to a future request to construe a disputed term if doing so would be "necessary to avoid submitting the dispute over [claim] scope to a jury." Dkt. 208 at 5 (citing *Symantec Corporation v. Acronis, Inc.*, 2013 WL 6623816, *1 (N.D. Cal. Dec. 15, 2013)). The Court finds good cause to resolve this dispute now to avoid such a scenario. Further, "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). The Court finds that it will be a better use of Court and party resources to resolve this dispute now rather than in connection with trial.

Accordingly, the Court rules as follows:

- The parties shall file simultaneous claim construction briefs of no more than 7 pages addressing "spacer layer" no later than March 24, 2025, at 5:00 p.m. PT.
- The parties shall file simultaneous response briefs of no more than 3 pages no later than March 27, 2025, at 5:00 p.m. PT.
- The dispositive motion and Daubert hearing set for March 21, 2025 via Zoom is **VACATED**; the Court will reconsider the hearing schedule at a later date.
- The remaining dates remain unchanged at this time. Dkt. 377.

**IT IS SO ORDERED**.