David C. Radulescu, Ph.D. (*pro hac vice*)
david@radip.com
Etai Lahav (*pro hac vice*)
etai@radip.com
Jonathan Auerbach (*pro hac vice*)
jonathan@radip.com
Bryon Wasserman (Bar No. 215681)
bryon@radip.com
Andrew S. Brown (*pro hac vice*)
andy@radip.com
Michael Sadowitz (*pro hac vice*)
michael@radip.com
**RADULESCU LLP**
5 Penn. Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

Kevin S. Kudlac (*pro hac vice*)
kevin@radip.com
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743

Guy Ruttenberg (Bar No. 207937)
guy@ruttenbergiplaw.com
**Ruttenberg IP Law**
1801 Century Park East, Ste. 1920
Los Angeles, CA 90067
Telephone: 310-627-2270
Fax: 310-627-2260

*Additional counsel at undersigned.*

***Attorneys for Plaintiffs***
***Seoul Semiconductor Co., Ltd. and***
***Seoul Viosys Co., Ltd.***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Seoul Semiconductor Co., Ltd. a Korean corporation *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>Feit Electric Co., Inc.<br><br>Defendant. | Case No. 2:22-cv-05097-AB-SHK<br><br>**PLAINTIFFS' RESPONSIVE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF** |

The Court requested supplemental briefing on the claim construction dispute (raised for the first time in Feit's non-infringement report): whether the term "spacer layer" should be interpreted as requiring a certain concentration of n-type impurities. Instead of complying with the Order, Feit offered yet another entirely new and previously undisclosed construction for the term, its third. Feit served an entirely new (and legally irrelevant) claim construction declaration from its technical expert, along with over a dozen irrelevant exhibits at the 11th hour. The Court's directive for supplemental briefing did not give Feit *carte blanche* to raise an unlimited number of new disputes. Feit's new arguments have been waived, and its old argument—which it now finally admits was not an "interpretation" of the plain and ordinary meaning as it had previously represented to the Court, but rather a fully-formed claim construction—should be rejected.

***Feit's Claim Construction is Legally Incorrect.*** Feit's construction is improperly limited to exemplary embodiments. Feit makes much of the specification's use of the word "is," but it ignores the context. Dkt. 382 at 4-5. It relies on the following sentence: "**As shown in FIG. 7** the doping concentration of the n-type impurity doped on the spacer layer 128 **is** higher than the n-type impurity doping concentration of the n-type contact layer 126." Dkt. 382 at 4 (emphasis added). This sentence merely describes what is depicted in the embodiment of Figure 7, nothing more.

Feit asserts that "the spacer layer … is repeatedly and only described using 'is.'" Dkt. 382 at 5. But Feit completely ignores the following disclosure: "the doping concentration [of the spacer layer] in the area in which the n-type impurity is doped **may be relatively higher** than the impurity doping concentration of the n-type contact layer 126." Dkt. 307-3 at 10:33-36 (emphasis added).

Feit's only response to the charge that it is importing dependent claim limitations into the independent claims is a general citation that claim differentiation "is a guide, not a rigid rule." Dkt. 382 at 7. But the case that Feit cites acknowledges

that claim differentiation is a rebuttable *presumption* "that may be overcome by a contrary construction dictated by the written description or prosecution history." *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1323 (Fed. Cir. 2016). Feit does not come close to showing this presumption was rebutted.

Feit finally argues that without its construction, the claims of the '210 Patent would be invalid. Dkt. 382 at 7. But Feit already argues the Emerson reference invalidates the '210 Patent. Dkt. 382-4 at 10, ll. 19-20 (¶ 25). Feit's faux concern for the validity of the patent as a basis for its construction should be rejected.

Regarding Feit's brand new importation of a bandgap concept into its construction, Feit ignores or misrepresents several crucial details. *First*, there is nodispute for the Court to resolve. Lebby admits that Dr. Doolittle examined the bandgap of every sublayer within the spacer layer of the accused products, Dkt. 382-4 ¶ 19, yet Lebby did not opine in his non-infringement report to the contrary. Dkt. 363-37 ¶¶ 35-39. Lebby's only non-infringement opinions relate to the n-type impurities issue. "[D]istrict courts are not (and should not be) required to construe every limitation present in a patent's asserted claims." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F. 3d 1351, 1362 (Fed. Cir. 2008). There is no need for the Court to address "bandgap" where there is no dispute to resolve. Dkt. 274 at 45 (declining to adopt construction of term from prior litigation where that dispute was not present here). *Second*, Feit misquotes the PTAB's decision in the '210 IPR proceeding. The PTAB did not construe the "bandgap" requirement in the claim. Rather, the *Petitioner* (not SSC) argued that the bandgap requirement could be satisfied by comparing the bandgap of one specific layer of the spacer layer to the bandgap of the barrier layer, which the PTAB rejected as inconsistent with the intrinsic and extrinsic evidence. Dkt. 382-9 at 11-13. *Third*, Feit's citation to SSC's proposed construction of the larger claim limitation, "spacer layer . . . having a bandgap smaller than that of the barrier layer and greater than that of the quantum well layer" in the SSC/Finelite litigation, Dkt. 382-11 at 13-14, ignores that SSC

was opposing an argument that the term was indefinite due to alleged alternative and irreconcilable ways of measuring the bandgap. *Id.* SSC was clarifying for that court how the patent teaches those comparisons are to be made and why the patent was not therefore indefinite. That issue is not before this Court and is not in need of resolution. *O2 Micro*, 521 F.3d at 1362.

***Lebby's Declaration Is Legally Irrelevant.*** Lebby previously claimed that he was opining on the plain and ordinary meaning of "spacer layer." Now, following Feit, he has changed his tune and opines that the term should be construed. *Compare* Dkt. 362-1 ¶ 30; Dkt. 323-3 at 105:17-108:18 *with* Dkt. 382-4 ¶ 13. Lebby's lack of credibility notwithstanding, his declaration, which consists almost entirely of an analysis of the intrinsic evidence, is not legally relevant and should be disregarded. *See iRise v. Axure Software Sols., Inc.*, No. CV 08-03601 SJO, 2009 WL 3615075, at *13 (C.D. Cal. Sept. 11, 2009) (rejecting expert's conclusory assertions that the intrinsic evidence supported the proffered construction).

Even if it were relevant, the Court should disregard Lebby's declaration as contrary to the facts and evidence. *Phillips v. AWH Corp.*, 415 F.3d 1305, 1318 (Fed. Cir. 2005) (*en banc*) (a "court should discount any expert testimony that is clearly at odds with . . . the written record of the patent"). For example, Lebby opines that the specification's disclosure that the n-type doping concentration in the spacer layer may be "about the same" as the concentration in the n-type contact layer (Dkt. 307-3 at 11:19-29) somehow supports his construction that the spacer layer concentration "must be higher." Dkt. 382-4 ¶ 24. In addition, Lebby again ignored dependent claim 5, failing to explain why that limitation should be imported into independent claim 1. Dkt. 382-4.

The Court should reject Feit's construction of "spacer layer" and give the term its plain and ordinary meaning.

Dated: March 27, 2025                               By: */s/ Jonathan Auerbach*
                                                    David C. Radulescu, Ph.D. (*pro hac vice*)

PLAINTIFFS' RESPONSIVE SUPPL. CLAIM CONSTRUCTION BRIEF           3

david@radip.com
Etai Lahav (*pro hac vice*)
etai@radip.com
Jonathan Auerbach (*pro hac vice*)
jonathan@radip.com
Bryon Wasserman (Bar No. 215681)
bryon@radip.com
Andrew S. Brown (*pro hac vice*)
andy@radip.com
Michael Sadowitz (*pro hac vice*)
michael@radip.com
**RADULESCU LLP**
5 Penn. Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

Kevin S. Kudlac (*pro hac vice*)
kevin@radip.com
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743

Guy Ruttenberg (Bar No. 207937)
guy@ruttenbergiplaw.com
**Ruttenberg IP Law**
1801 Century Park East, Ste. 1920
Los Angeles, CA 90067
Telephone: 310-627-2270
Fax: 310-627-2260

Jennifer L Jonak (*pro hac vice*)
jenny@jonak.com
**Jonak Law Group PC**
1430 Willamette Street No 145
Eugene, OR 97401
Telephone: 541-525-9102
Fax: 510-291-2910

***Attorneys for Plaintiffs***

*Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd.*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via the ECF filing System, to all counsel of record on this 27th day of March 2025.

*/s/ Jonathan Auerbach*
Jonathan Auerbach