1  DOUGLAS Q. HAHN, SBN 257559
   dhahn@stradlinglaw.com
2  SALIL BALI, SBN 263001
   sbali@stradlinglaw.com
3  AHMAD S. TAKOUCHE, SBN 322911
   atakouche@stradlinglaw.com
4  STRADLING YOCCA CARLSON & RAUTH LLP
   660 Newport Center Drive, Suite 1600
5  Newport Beach, CA 92660-6422
   Telephone:  949.725.4000
6
   ZIYONG SEAN LI, State Bar No. 289696
7     sli@beneschlaw.com
   HAYK SNKHCHYAN, State Bar No. 341698
8     hsnkhchyan@beneschlaw.com
   BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
9  100 Pine Street, Suite 3100
   San Francisco, CA 94111
10 Telephone:  628.600.2250

11 KAL K. SHAH (admitted *pro hac vice*)
   kshah@beneschlaw.com
12 SIMEON G. PAPACOSTAS (admitted *pro hac vice*)
   spapacostas@beneschlaw.com
13 CRISTINA ALMENDAREZ
   calmendarez@beneschlaw.com (admitted *pro hac vice*)
14 BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
   71 S. Wacker Drive, Suite 1600
15 Chicago, IL 60606
   Telephone:  312.212.4949
16
   *Attorneys for Defendant, Feit Electric Co., Inc.*
17
          **UNITED STATES DISTRICT COURT**
18
          **CENTRAL DISTRICT OF CALIFORNIA**
19

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation, SEOUL VIOSYS CO., LTD., a Korean corporation, | CASE NO. 2:22-cv-05097-AB-AJR |
| | Honorable Andre Birotte Jr<br>Magistrate Judge A. Joel Richlin |
| Plaintiffs, | |
| v. | **DEFENDANT FEIT ELECTRIC CO. INC.'S APPLICATION TO FILE UNDER SEAL ITS MOTIONS *IN LIMINE* AND ACCOMPANYING EXHIBITS** |
| FEIT ELECTRIC CO., INC., | |
| Defendant. | *Complaint Filed: July 7, 2022*<br>*FAC Filed: December 21, 2022* |

1    **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:**

2        **PLEASE TAKE NOTICE,** that pursuant to Local Rule 79-5 and the

3    Protective Order (Dkt. No. 78) in the above-entitled action, Defendant Feit

4    Electric Co., Inc. ("Feit Electric") hereby applies to this Court for an order

5    permitting it to file under seal its Motions in Limine as well as documents

6    supporting the Motion.

7        The following documents contain proprietary, commercially sensitive or

8    competitive information, the entirety of which have been designated by Plaintiffs

9    or Defendant as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY" information pursuant to the Protective Order (Dkt.

11   78). *See* concurrently filed Declaration Hayk Snkhchyan ("Snkhchyan Decl.") in

12   support of Feit Electric's Application for Leave to File Under Seal, ¶¶ 3-7.

13   Specifically, Feit Electric seeks to file, under seal, true and correct unredacted

14   copies of the following documents:

15       1. Feit Electric's Motion *in Limine* No. 2 to Preclude Plaintiffs from

16          Testifying To, Admitting Into Evidence, Or Otherwise Arguing To

17          the Jury About Evidence That Was Not Timely Produced In

18          Discovery;

19       2. Feit Electric's Motion *in Limine* No. 3 to Preclude Plaintiffs and Their

20          Expert(s) from Presenting Opinions Based on Testing, Sampling, or

21          Test the Expert Did Not Conduct or Opine on;

22       3. Feit Electric's Motion *in Limine* No. 5 to Exclude Evidence of

23          Unauthenticated Tests and Sampling Documents and Evidence;

24       4. Feit Electric's Motion *in Limine* No. 7 to Preclude Plaintiffs from

25          Offering Evidence or Testimony That Alters, Contradicts, or Exceeds

26          the Testimony of Plaintiffs' Rule 30(b)(6) designee(s);

27       5. Feit Electric's Motion *in Limine* No. 8 to Exclude the Cree License

28          and Settlement Agreements and Any Related Argument or Evidence;

-1-

APPLICATION TO FILE MOTIONS *IN LIMINE* UNDER SEAL

6. Feit Electric's Motion *in Limine* No. 9 to Preclude Plaintiffs from Arguing Inventor Intent or Scope Different from the Disclosures in U.S. Patent No. 7,312,474;

7. Feit Electric's Motion *in Limine* No. 10 to Preclude David Radulescu from Presenting to the Jury Per the Advocate-Witness Rule

8. Exhibit AA to the Declaration of Cristina Almendarez ("Almendarez Declaration") filed in support of Feit Electric's motions *in limine*;

9. Exhibit BB to the Almendarez Declaration;

10. Exhibit CC to the Almendarez Declaration;

11. Exhibit EE to the Almendarez Declaration;

12. Exhibit FF to the Almendarez Declaration;

13. Exhibit GG to the Almendarez Declaration;

14. Exhibit JJ to the Almendarez Declaration;

15. Exhibit KK to the Almendarez Declaration;

16. Exhibit LL to the Almendarez Declaration;

17. Exhibit MM to the Almendarez Declaration;

18. Exhibit NN to the Almendarez Declaration;

19. Exhibit OO to the Almendarez Declaration;

20. Exhibit PP to the Almendarez Declaration;

21. Exhibit QQ to the Almendarez Declaration;

22. Exhibit RR to the Almendarez Declaration;

23. Exhibit SS to the Almendarez Declaration;

24. Exhibit XX to the Almendarez Declaration;

25. Exhibit YY to the Almendarez Declaration;

26. Exhibit ZZ to the Almendarez Declaration; and

27. Exhibit BBB to the Almendarez Declaration.

Pursuant to L.R. 79-5.2.2(b), on January 16, 2026, counsel for Feit Electric reached out to Plaintiffs' counsel and informed Plaintiffs' counsel that certain

-2-

1 documents and testimony discussed within Feit Electric's Motion and in the

2 accompanying exhibits contained information designated as CONFIDENTIAL or

3 HIGHLY CONFIDENTIAL by Plaintiffs or Defendant pursuant to the parties'

4 Protective Order in this case (Dkt. 78) and indicated that Feit Electric would be

5 filing that information under seal in order to prevent disclosure of the parties'

6 confidential information. *See* Snkhchyan Decl., ¶ 8. Feit Electric requested that

7 Plaintiffs indicate whether they opposed filing that material under seal, which they

8 did not. *Id.*

9     **GOOD CAUSE EXISTS TO GRANT THIS APPLICATION**

10   A court has supervisory powers over its records and files to seal documents

11 under appropriate circumstances. *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589,

12 598 (1978). Two standards generally govern motions to seal documents,

13 compelling reasons or good cause.  The standard to be applied depends on whether

14 the motion is "more than tangentially related to the merits of a case." *Ctr. For*

15 *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  Where

16 a motion pertains to the merits of a case, courts apply a "compelling reasons"

17 standard. *Id.* at 1096-97.  The Court's Initial Standing Order provides that "[f]or

18 each document or other type of information a party seeks to file under seal, the

19 party must identify and discuss the factual and/or legal justification that

20 establishes 'good cause' or 'compelling reasons' for the matter should be

21 protected. Dkt. 19 at 10:26–11:2 (citing *Kamakana v. City and County of*

22 *Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006)).  Relevant factors include the

23 "public interest in understanding the judicial process and whether disclosure of

24 the material could result in improper use of material for scandalous or libelous

25 purposes or infringement upon trade secrets." *Pintos v. Pac. Creditors Ass'n*, 605

26 F.3d 665, 679, n.6 (9th Cir. 2010). As explained below, there are compelling

27 reasons to seal the documents identified above.

28

APPLICATION TO FILE MOTIONS *IN LIMINE* UNDER SEAL

1      Under Central District of California Local Rule 79-5, documents may be

2 filed under seal after obtaining approval of the Court. Documents containing

3 confidential, valuable, and non-public information that would cause competitive

4 injury to a party if publicly disclosed, are subject to protection under Rule 26(c).

5 *See Apple Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)

6 (sealing documents is appropriate if "release of the documents will cause

7 competitive harm to a business").

8      Here, the documents discussed above have been, or contain information,

9 designated confidential by Plaintiffs or Defendant. Snkhchyan Decl. at ¶¶ 3-7.

10      The Exhibits that Feit Electric has requested the Court to seal contain

11 discussions and explanations of what Plaintiffs have designated as proprietary,

12 commercially sensitive, and competitive information. This information was

13 designated by Plaintiffs as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

14 – ATTORNEYS' EYES ONLY" information pursuant to the Protective Order.

15 The information contained therein has not been previously made public to the best

16 of my knowledge. Moreover, it is my understanding that the disclosure of this

17 competitively sensitive information could be used by third parties to the parties'

18 detriment.

19      Exhibit YY to the Almendarez Declaration consists of a commercially

20 sensitive patent settlement and license agreement. The exhibits include

21 discussions and explanations of proprietary, commercially sensitive, and/or

22 competitive information, or summaries, analyses and/or characterizations of

23 proprietary, commercially sensitive, and/or competitive information. This

24 information was designated by Defendant as "HIGHLY CONFIDENTIAL –

25 OUTSIDE ATTORNEYS' EYES ONLY" information pursuant to the Protective

26 Order. To the best of my knowledge, the confidential information contained in

27 these Exhibits has not previously been made public. Moreover, the disclosure of

28 this competitively sensitive information could be used by third parties to the

-4-

APPLICATION TO FILE MOTIONS *IN LIMINE* UNDER SEAL

1  parties' detriment. If unsealed, this information could be used by third-parties for

2  "improper purposes" such as "to [ ] release trade secrets." *Kamakana v. City &*

3  *Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner*

4  *Commc's Inc.*, 435 U.S. 589, 598 (1978). It also contains "sources of business

5  information that might harm a litigant's competitive standing." Nixon, 435 U.S.

6  at 598. As such, the above information should be sealed.

7       Certain portions of Feit Electric's motions *in limine* have been redacted

8  from public disclosure as they contain proprietary, commercially sensitive, and/or

9  competitive information, or summaries, analyses and/or characterizations of

10  proprietary, commercially sensitive, and/or competitive information. This

11  information was designated by Plaintiffs or Defendant as "CONFIDENTIAL" or

12  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

13  information pursuant to the Protective Order for the same reasons identified

14  above. To the best of my knowledge, the confidential information contained in

15  the Opposition has not previously been made public. The disclosure of this

16  competitively sensitive information could be used by third parties to the parties'

17  detriment. If unsealed, this information could be used by third-parties for

18  "improper purposes" such as "to [ ] release trade secrets." *Kamakana v. City &*

19  *Cty. Of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner*

20  *Commc's Inc.,* 435 U.S. 589, 598 (1978). It also contains "sources of business

21  information that might harm a litigant's competitive standing." *Nixon,* 435 U.S.

22  at 598. As such, the above information should be sealed

23       Accordingly, Feit Electric submits that there exist compelling reasons to

24  overcome the right of public access to the unredacted versions of these documents

25  because they contain proprietary, commercially sensitive, or competitive

26  information of Plaintiffs, thus there is good cause to file the documents under seal.

27       If this Application is denied, counsel requests that the Courtroom Deputy

28  Clerk destroy the Chambers' copies of the documents.

-5-
APPLICATION TO FILE MOTIONS *IN LIMINE* UNDER SEAL

1

2

DATED:  January 16, 2026          STRADLING YOCCA
                                    CARLSON & RAUTH LLP

3                                  By:   */s/ Salil Bali*
                                         Douglas Q. Hahn
4                                        Salil Bali
                                         Ahmad S. Takouche
5

6

DATED:  January 16, 2026          BENESCH FRIEDLANDER
                                    COPLAN & ARONOFF LLP

7

8                                        Kal K. Shah
                                         Simeon G. Papacostas
9                                        Cristina Q. Almendarez
                                         Hayk Snkhchyan
10

11                                 ***Attorneys for Defendant***
                                   ***Feit Electric Company, Inc.***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION TO FILE MOTIONS *IN LIMINE* UNDER SEAL